IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*, <br><br> Defendants. | No. 1:25-cv-00113-SLS |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF ECONOMISTS AND SCHOLARS OF HEALTH POLICY AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Under Local Civil Rule 7(o), Richard G. Frank, Fiona M. Scott Morton, Aaron S. Kesselheim, Gerard F. Anderson, Rena M. Conti, David M. Cutler, and Jack Hoadley (collectively, "Movants"), respectfully move this Court for leave to file a brief as *amici curiae* in support of Defendants' Cross-Motion for Summary Judgment, ECF No. 30. The Parties, through their respective attorneys, have advised Movants' undersigned attorney that they consent to this motion.

**I.     IDENTITY AND INTEREST OF MOVANTS**

This case concerns the constitutionality of the Inflation Reduction Act's drug pricing provisions. Movants are economists and health policy scholars who focus their work on healthcare markets and pharmaceutical drug pricing. They do not directly address the parties' competing constitutional arguments. Instead, they submit this brief to provide the Court with the background necessary to understand the context in which those arguments arise—context concerning the economics of the Medicare market; the relationship between intellectual property rights, drug

prices, and innovation; continued investment in research and development efforts by industry; and the Inflation Reduction Act's role in correcting for market failure and restoring bargaining equity. Proposed amici are:

> **Richard G. Frank**
> Margaret T. Morris Professor of Health Economics Emeritus, Harvard Medical School; Leonard D. Schaeffer Chair in Economic Studies, The Brookings Institution
>
> **Fiona M. Scott Morton**
> Theodore Nierenberg Professor of Economics, Yale School of Management
>
> **Aaron S. Kesselheim**
> Professor of Medicine,
> Brigham and Women's Hospital/Harvard Medical School
>
> **Gerard F. Anderson**
> Professor of Health Policy & Management,
> Johns Hopkins University Bloomberg School Public Health; Professor of Medicine, Johns Hopkins University School of Medicine
>
> **Rena M. Conti**
> Associated Professor,
> Questrom Business School, Boston University
>
> **David M. Cutler**
> Otto Eckstein Professor of Applied Economics Harvard University
>
> **Jack Hoadley**
> Research Professor Emeritus,
> Health Policy Institute, McCourt School of Public Policy, Georgetown University

## II. MOVANTS' PROVIDE A UNIQUE PERSPECTIVE NOT CONTAINED IN THE PARTIES' BRIEFS.

District courts grant motions for leave to file amicus briefs where, *inter alia*, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (internal quotes omitted). An amicus brief is appropriate where it "present[s] ideas, arguments, theories, insights, facts[,] or data that are not . . . found in the parties' briefs." *Wash.*

*All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 518 F. Supp. 3d 448, 453 n.2 (D.D.C. 2021) (quoting *N. Mariana Islands v. United States*, No. 08-CV-1572, 2009 U.S. Dist. LEXIS 125427, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009)).

Here, Movants, as economists and health policy scholars, can provide insights into the prescription-drug market that will be helpful to the Court in assessing Plaintiffs' arguments. Plaintiffs assert that the Inflation Reduction Act's Negotiation Program harms the "virtuous cycle" of drug development, and "compels" drug companies to cap prices at the "price dictated by" the government, thus "leaving American patients worse-off." Pls.' Mot. for S.J., ECF No. 15-1, at 1, 3, 11, 12. Movants' proposed amicus brief shows how plaintiffs' contentions reflect an overly simplistic and a misleading account of the prescription-drug market.

As Movants explain in the brief, the market for prescription drugs does not function like other markets. In the bread market, for example, there are no laws that prevent direct competition among sellers to skew prices and demand. Consumers can decide which bread they prefer to purchase, based on taste, ingredients, price, and other characteristics, and which bakery to buy from. A bakery must set its prices to satisfy consumers and meet its competition. In the drug market, however, the relationship between sellers and consumers is not as unfettered. To provide a period of guaranteed revenue that promotes recoupment of investment in drug development, the government provides drug companies with patents and several years of exclusivity—making a particular drug the only available product of that specific formulation for *at least* 5 years, and for 12–14 years on average. During that time, drug companies use their market power to set prices well above the costs of production and distribution. Far from reflecting the drug's true value, the prices set during these periods reflect the market exclusivity under which drug manufacturers

operate. This exclusivity forces payors like Medicare to pay whatever prices the manufacturers demand for brand-name drugs without generic alternatives.

The Inflation Reduction Act takes several steps to correct course. It gives Medicare the authority to negotiate prices for drugs that have been on the market for at least 9–13 years. By doing so, it provides beneficiaries with more bargaining power to counter the pharmaceutical monopolist in establishing a price. The harm to true innovation is likely to be negligible because any drug eligible for negotiation will almost certainly have already recouped its investment many times over prior to being subject to negotiated prices.

The proposed amicus brief explains how, contrary to Plaintiffs' contentions, the Inflation Reduction Act pushes the drug market's dynamics closer to a competitive equilibrium, not further away.

###

For the foregoing reasons, Movants respectfully request that the Court grant this motion.

DATED: May 5, 2025                                  Respectfully submitted,

/s/ Joseph J. Wardenski
Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
(347) 913-3311
joe@wardenskilaw.com

*Counsel for Movants*

4