UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TEVA PHARMACEUTICALS USA, INC., *et al.*,

*Plaintiffs*,

v.

ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, *et al.*,

*Defendants.*

No. 1:25-cv-00113-SLS

**RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Teva writes in response to the government's notice of supplemental authority regarding *Nuclear Regulatory Commission v. Texas*, 605 U.S. ___, No. 23-1300, 2025 WL 1698781 (U.S. June 18, 2025). As the government notes, *Texas* "discusses the standard for an *ultra vires* claim." ECF No. 39 at 1. But *Texas* supports Teva's argument that CMS acted *ultra vires* for three reasons.

*First*, *Texas* relied on *Leedom v. Kyne*, 358 U.S. 184 (1958), the "leading case on post-APA ultra vires review." Slip op. at 14. The cases Teva cited in support of its *ultra vires* argument, ECF No. 35 at 16-17, likewise relied on *Leedom v. Kyne*. See *Federal Express Corp. v. Department of Com.*, 39 F.4th 756, 763-765 (D.C. Cir. 2022); *National Ass'n of Postal Supervisors v. United States Postal Serv.*, 26 F.4th 960, 970 (D.C. Cir. 2022); *DCH Reg'l Med. Ctr. v. Azar*, 925 F.3d 503, 509 (D.C. Cir. 2019). So *Texas* changes little.

*Second*, *Texas* confirms that *ultra vires* review may be available when there is no "alternative path to judicial review." Slip op. at 15. Unlike in *Texas*, where the challengers were "guaranteed judicial review" by virtue of their ability to intervene in the challenged agency

1

proceedings, *id.* at 15-16, on the government's reading of the Inflation Reduction Act Teva has no way to obtain review of CMS's atextual definition of "qualifying single source drug" and its statutorily unsupported "bona fide" marketing requirement, *see* ECF No. 38 at 12-13.

*Third*, unlike in *Texas*, Teva raised more than just a "typical statutory-authority argument." Slip op. at 15.  The issues in this case go to the heart of CMS's ability to reinterpret the words Congress wrote, jeopardizing access to important generic drugs in the process.  That is precisely the kind of action "in excess of [CMS's] delegated powers" that warrants review as *ultra vires*.  *Id.* (quotation marks omitted).

        Respectfully submitted,

        */s/ Sean Marotta*
        Sean Marotta (D.C. Bar 1006494)
        Danielle Desaulniers Stempel (D.C. Bar 1658137)
        Dana A. Raphael (D.C. Bar 1741559)
        Jacob T. Young (D.C. Bar 90014334)
        HOGAN LOVELLS US LLP
        555 Thirteenth Street N.W.
        Washington, D.C. 20004
        (202) 637-4881
        sean.marotta@hoganlovells.com

        *Attorneys for Plaintiffs Teva Pharmaceuticals USA, Inc.; Teva Branded Pharmaceutical Products R&D LLC; and Teva Neuroscience, Inc.*

June 26, 2025