UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>    Defendants. | Civil Action No. 25-113 (SLS) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

  Defendants respectfully notify the Court of the attached decision of the Second Circuit in *Boehringer Ingelheim Pharmaceuticals, Inc. v. U.S. Department of Health & Human Services*, No. 24-2092 (2d Cir. Aug. 7, 2025), and of the attached decision of the Western District of Texas in *National Infusion Center Association vs. Kennedy*, No. 1:23-cv-707 (N.D. Tex. Aug. 7, 2025). Both cases involve parallel challenges to the constitutionality of the Medicare Drug Price Negotiation Program.

  In *Boehringer Ingelheim*, the plaintiff—like Plaintiffs here—asserted that the Negotiation Program violates the Due Process Clause of the Fifth Amendment. The Second Circuit rejected that argument, holding that "[p]articipation in the Negotiation Program, like participation in Medicare as a whole, is voluntary," and thus does not entail an unlawful deprivation of rights. Op. at 25–30, 36–37. The court explained that "economic hardship" is not tantamount to coercion to participate in a government program. *Id*. at 28. A copy of the *Boehringer Ingelheim* decision is attached to this Notice as Exhibit A.

  Similarly, in *National Infusion Center Association*, the plaintiffs also asserted that the Negotiation Program violates the Due Process Clause. The district court rejected that argument, holding that "participation in the Program, and manufacturer's participation in Medicare and

Medicaid generally, is voluntary, even if manufacturers . . . have a considerable economic incentive to participate." Order at 37. The court further explained that manufacturers have no "cognizable property interest in their patent rights that is affected by the IRA," *id*. at 34, nor did the plaintiffs identify any "statutorily created interest" that "entitles [drug providers] to more" reimbursement than what the Negotiation Program provides, *id.* at 31 (discussing *Rock River Health Care, LLC v. Eagleson*, 14 F.4th 768, 774 (7th Cir. 2021)). A copy of the *National Infusion Center Association* decision is attached to this Notice as Exhibit B.

    All of this reasoning applies equally here.

Date: August 13, 2025

Respectfully submitted,

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Branch Director
Federal Programs Branch

*/s/ Cassandra M. Snyder*
STEPHEN M. PEZZI (D.C. 995500)
 Senior Trial Counsel
CASSANDRA M. SNYDER (D.C. 1671667)
 Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 305-8576
stephen.pezzi@usdoj.gov

*Counsel for Defendants*