UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TEVA PHARMACEUTICALS USA, INC., *et al.*,

    *Plaintiffs*,

    v.

ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, *et al.*,

    *Defendants*.

No. 1:25-cv-00113-SLS

## **RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Teva writes in response to the government's notice of supplemental authority regarding *Novo Nordisk Inc. v. HHS*, 154 F.4th 105 (3d Cir. 2025). The case does not undermine Teva's arguments.

First, *Novo Nordisk*'s assessment of whether the Drug Price Negotiation Program forecloses judicial review rests on Third Circuit precedent that differs from D.C. Circuit precedent. The Third Circuit has said that "when a statute prohibits review of a particular 'determination,' the bar extends to the ultimate decision *and* 'the process by which [the agency] reaches this decision.'" *Novo Nordisk*, 154 F.4th at 111-112 (quoting *Bakran v. Secretary, DHS*, 894 F.3d 557, 563 (3d Cir. 2018)). The D.C. Circuit, however, has taken a different approach. Even when an agency's final "determinations are unreviewable, 'general collateral challenges' to the agency's practices and policies still fall within judicial purview." *Castaneira v. Noem*, 138 F.4th 540, 550 (D.C. Cir. 2025) (quoting *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991)); *see* Teva's MSJ Reply 8-9. The D.C. Circuit has rejected "attempts to distinguish *McNary* and circuit

1

precedent," explaining that a judicial-review bar to an agency's final determination does *not* "bar[] challenges to the procedural standards [the agency] applies in reaching its final determination." *Castaneira*, 138 F.4th at 550.  Indeed, the D.C. Circuit has applied *McNary* over a dissent that invoked *Bakran* as a reason to deny review.  *Compare Grace v. Barr*, 965 F.3d 883, 892-893 (D.C. Cir. 2020), *with id.* at 914-915 (Henderson, J., dissenting).  *Novo Nordisk* does not discuss *McNary* or the D.C. Circuit's contrary approach.

Second, *Novo Nordisk* does not warrant rejecting Teva's argument that the Drug Price Negotiation Program violates the Due Process Clause.  *Novo Nordisk* does not conduct any analysis beyond citing the Third Circuit's decision in *AstraZeneca Pharms. LP v. HHS*, 137 F.4th 116, 125-126 (3d Cir. 2025), which Teva already addressed in its summary-judgment briefing. Teva's MSJ Reply 39.

        Respectfully submitted,

        */s/ Sean Marotta*
        Sean Marotta (D.C. Bar 1006494)
        Danielle Desaulniers Stempel (D.C. Bar 1658137)
        Dana A. Raphael (D.C. Bar 1741559)
        Jacob T. Young (D.C. Bar 90014334)
        HOGAN LOVELLS US LLP
        555 Thirteenth Street N.W.
        Washington, D.C. 20004
        (202) 637-4881
        sean.marotta@hoganlovells.com

        *Attorneys for Plaintiffs Teva Pharmaceuticals USA, Inc.; Teva Branded Pharmaceutical Products R&D LLC; and Teva Neuroscience, Inc.*

November 14, 2025